IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


WOODIE FRANK MARRISETTE,          :

    Plaintiff,                    :

vs.                               :    CIVIL ACTION 13-0284-WS-M

GREEN TREE-AL LLC, *et al.*,      :

    Defendants.                   :


REPORT AND RECOMMENDATION


    Plaintiff, who is proceeding *pro se*, filed a Complaint
together with a Motion to Proceed Without Prepayment of Fees
("Motion").  (Docs. 1, 2).  Plaintiff's Motion to Proceed
Without Prepayment of Fees was referred to the undersigned for
appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and
Local Rule 72.2(c)(1), which provides for the automatic referral
of non-dispositive pretrial matters, such as Plaintiff's Motion,
to a Magistrate Judge.  The consideration of this Motion
requires the Magistrate Judge to screen Plaintiff's action
pursuant to 28 U.S.C. § 1915(e)(2)(B).  Troville v. Venz, 303
F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-
prisoner actions).[1]  In screening this action, the Court

_____

    [1]  Section 1915(e)(2)(B) provides that "the court shall
dismiss the case at any time if the court determines that . . .

questioned whether it had subject matter jurisdiction over

Plaintiff's action, and after reviewing the pleadings and

filings in this action, the Court finds that it lacks subject

matter jurisdiction over Plaintiff's action.

I.  Proceedings.

    Plaintiff filed a very brief Complaint against Defendant

Green Tree-AL LLC ("Green Tree") and Defendant James T. Baxter,

Circuit Court Judge of Clarke County, Alabama.  (Doc. 1 at 1-2).

Plaintiff claims that these Defendants stole his home even

though he already paid for it.  (*Id.* at 2).  Plaintiff makes

bald allegations of conspiracy, fraud, theft of property and

home, and "accounting fraud act and criminal" as well as

defendant Baxter having "abused his discretion of power."  (*Id.*

at 2).  Plaintiff seeks twenty million dollars in compensation.

(*Id.*).  Then, in the attached Civil Cover Sheet, Plaintiff

indicates that the basis for jurisdiction is federal question

jurisdiction.  (*Id.* at 4).

    When the Complaint was filed, Plaintiff filed a deficient

Motion to Proceed Without Prepayment of Fees.  (Doc. 2, 3).  In

---

the action or appeal...is frivolous or malicious; . .
. fails to state a claim on which relief may be
granted; or . . . seeks monetary relief against a
defendant who is immune from such relief.

attempts to obtain the financial information needed to grant
Plaintiff *in forma pauperis* status, the Court ordered Plaintiff
to re-file his Motions with the requested information, which
resulted in information related to his claim being included.
(Docs. 4, 5).  Considering this information and the nature of
Plaintiff's Complaint, the Court propounded interrogatories to
him for the purpose of determining whether the state court
action that Defendant Green Tree filed against him had ended.
(Doc. 6).  Initially, Plaintiff did not answer the Court's
interrogatories even though he was warned that his failure to
comply with the Court's Order would result in the dismissal of
his action.  (*Id.* at 5).  Plaintiff was given another
opportunity to answer the Court's interrogatories, which he did
by filing copies of documents from state court.  (Doc. 9).  This
production of documents was a partial response to the Court's
Order, which also had required written answers signed under
penalty of perjury and identification of the Court's
jurisdictional basis.  (*Id.* at 2-3).

The information provided in this action by Plaintiff is
summarized as follows.  On June 8, 2002, Plaintiff filed for
bankruptcy protection under Chapter 13.  (Doc. 5 at 2; *see In
re: Marrisette,* No. 02-013207-WSS-13 (Bankr. S.D. Ala. 2007)).
Listed as a creditor was Green Tree Servicing, which held a

mortgage, and to which Plaintiff was in arrears. (*Id.* at 4).
Plaintiff's debt to Green Tree was based on a "Retail
Installment Contract, Security Agreement. . ." that Plaintiff
entered into on March 5, 2001, when he purchased a manufactured
home. (*Id.* at 5). Plaintiff's bankruptcy plan provided that
unsecured creditors would receive one hundred percent. (*Id.* at
3). On July 27, 2007, Plaintiff received an Order Discharging
Debtor After Completion of Chapter 13 Plan. (*Id.* at 2).

Then, on September 2, 2008, in the Circuit Court of Clarke
County, Alabama, Defendant Judge Baxter entered a judgment
against Plaintiff in an action brought by Defendant Green Tree.
(Doc. 9 at 5; *Green Tree-AL LLC v. Marrisette,* cc-07-900085).
Defendant Judge Baxter granted Defendant Green Tree's motion for
summary judgment and issued the writ of possession, by default,
for Defendant Green Tree against Plaintiff for a 2000 Belmont
Mobile Home. (*Id.*). A writ of execution was issued on
September 19, 2008, and it was served on September 25, 2008.
(*Id.* at 11).

On October 17, 2008, Plaintiff through his attorney filed a
motion to set aside the writ of execution because Defendant
Green Tree had been paid in full in Plaintiff's bankruptcy plan,
for which he had received a discharge. (*Id.*; Doc. 4 at 7). On
November 6, 2008, Defendant Judge Baxter granted Plaintiff's

motion to set aside writ of execution. (*Id.* at 8). On January

15, 2009, Plaintiff filed a Motion to Reopen Case; this is the

last entry on the consolidated case action summary that was

generated on January 16, 2009. (*Id.* at 11). On January 23,

2009, Judge Scurlock set Plaintiff's Motion to Reopen Case for

April 13, 2009. (*Id.* at 4). In a subsequent filing, Plaintiff

stated that he "fil[]ed appeal for Greentree in Circuit Court[.]

There were no shows by either party. Judge Baxter retired

before c[ou]rt appeal was filed." (Doc. 10 at 3). No

information has been provided reflecting any activity after

April 13, 2009 in the state court case.

In examining Plaintiff's bankruptcy case, the Court

discovered that his Motion to Reopen Chapter 13 Case filed on

October 13, 2008, was granted on November 10, 2008. (Docs. 29,

32). Subsequently, his case was closed on March 6, 2009. (Doc.

36).

II. Analysis.

    A. Authority to Dismiss for Lack of Jurisdiction.

In screening Plaintiff's Complaint, the Court's first

consideration is to inquire into its jurisdiction, *United States

v. Denedo*, 556 U.S. 904, 909, 129 S.Ct. 2213, 2219, 173 L.Ed.2d

1235 (2009), as its jurisdiction is limited by the Constitution

or Congress to hear only certain actions. *Kokkonen v. Guardian*

*Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128

L.Ed.2d 391 (1994). "Because a federal court is powerless to

act beyond its statutory grant of subject matter jurisdiction, a

court must zealously insure that jurisdiction exists over a

case, and should itself raise the question of subject matter

jurisdiction at any point in the litigation where a doubt about

jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299

(11th Cir. 2001). This inquiry should be done at the earliest

stage in the proceedings and *sua sponte* whenever subject matter

jurisdiction may be lacking. *University of S. Ala. v. American*

*Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a

court determines that there has been no [jurisdictional] grant

that covers a particular case, the court's sole remaining act is

to dismiss the case for lack of jurisdiction." *Morrison v.*

*Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

A federal district court, like this Court, lacks subject

matter jurisdiction to rule on a final state court judgment.

*Lance v. Dennis,* 546 U.S. 459, 465, 126 S.Ct. 1198, 1201, 163

L.Ed.2d 1059 (2006) ("[U]nder what has come to be known as the

*Rooker-Feldman* doctrine, lower federal courts are precluded from

exercising appellate jurisdiction over final state-court

judgments."). Federal review of state court judgments may be

had only in the Supreme Court of the United States, after the

state's highest appellate court has made its decision.  *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

The *Rooker-Feldman* doctrine "is narrow and is 'confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  *Lozman v. City of Riviera Beach, Fla.,* 713 F.3d 1066, 1072 (11th Cir. 2013) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).  In applying the holding from *Exxon Mobil*, the federal district court must find that the state court proceedings ended before the federal court action was filed.  *Exxon Mobil,* 544 U.S. at 291, 125 S.Ct. at 1526; *Nicholson v. Shafe,* 558 F.3d 1266, 1274 (11th Cir. 2009).

B.  Failure to Establish Subject Matter Jurisdiction.

In the present action, Plaintiff provided a document showing that a final judgment was entered in his state court case on September 2, 2008.  (Doc. 9 at 5).  This document appears to have been provided to Plaintiff by the Circuit Clerk of Clarke County, who authenticated it under seal on June 18,

2013.  (*Id.*).  The Court had also requested that Plaintiff file

a copy of any final decisions made by any other court, including

appellate courts.  (Doc. 6 at 3).  Plaintiff did not provide a

copy of a document reflecting an appellate decision, and the

case action summary sheet does not reflect that an appeal was

taken.  (Doc. 9 at 9-11).

The documents furnished by Plaintiff show that since the

final judgment was entered, he attacked the final judgment in

state court, by filing a Motion to Set Aside Writ of Execution

and a Motion to Reopen Case, and possibly in bankruptcy court.[2]

All activity ceased after January 15, 2009, in Plaintiff's state

court case and after March 6, 2009, in his bankruptcy case.  Due

to the lack of other documents and information, and to the fact

that Plaintiff obtained a seal on the final judgment in his

state court case, the Court concludes that the final Judgment

entered on October 2, 2008, is the final judgment in his state

court case.  With time for filing an appeal from the state court

judgment having expired long ago, and Plaintiff having shown no

activity related to his state court case transpiring since March

---

[2] The Bankruptcy Court docket in his Chapter 13 case
indicates that he filed a Motion to Reopen Chapter 13 Case on
October 13, 2008, and after several subsequent entries on the
docket, the case was closed on March 6, 2009.  The documents
themselves were not available for viewing.

6, 2009, the Court finds that Plaintiff's state court case has ended. *Nicholson,* 558 F.3d at 1275 (citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17, 24 (1st Cir. 2005) (finding that state proceedings have "ended" when neither party seeks further action, such as when the losing party allows the time to expire for filing an appeal)); *see* ALA.R.APP.P. 4(a)(1) (notice of appeal shall be filed with 42 days of the date of the judgment or order from which an appeal is being taken).

Following the rationale from *Exxon Mobil*, the Court is called on to examine whether the other components of the rule from *Exxon Mobil* are met. *Nicholson,* 558 F.3d at 1274 & n.8; *Jackson v. Farmers Ins. Group/Fire Ins. Exchange,* 391 F. App'x 854, 856 (11th Cir. 2010); *Cormier v. Horkan,* 397 F. App'x 550, 553 (11th Cir.), *cert. denied,* 131 S.Ct. 2099 (2011). The Court's analysis is brief because the Complaint's allegations are few, inasmuch as it is comprised mostly of conclusory allegations and the Answers to the Court's Interrogatories were deficient. Nevertheless, it is abundantly clear that Plaintiff is the state court loser, who is complaining about injuries caused by the foreclosure on and seizure of his manufactured home, for which he had already paid. By suing the mortgagor, Defendant Green Tree, and the judge who entered the final

9

judgment, Defendant Judge Baxter, Plaintiff is inviting the
Court to review the final judgment entered in his state court
case authorizing the seizure, to reject the state court's
judgment because he had paid for his home, and to award him
damages that have resulted from Defendants' actions.  Therefore,
the Court finds that the elements of *Exxon Mobile, supra,* are
satisfied and that it lacks subject matter jurisdiction over
this action.  *See Figueroa v. MERSCORP, Inc.,* 477 F. App'x 558,
560-61 (11th Cir. 2012) (affirming the dismissal for lack of
subject matter jurisdiction over the federal complaint that was
brought by a state-court loser inviting the review and rejection
of the state court's decision); *Cormier,* 397 F. App'x at 553
(finding the complaint against the judge and others was barred
by *Rooker-Feldman* as plaintiff's success on his federal claims
would nullify the state court judgment regarding alimony, and
advising the plaintiff that he should have filed a direct
appeal); *Mickens v. 10th Judicial Circuit Court,* 458 F. App'x
839, 841 (11th Cir.) (holding that *Rooker-Feldman* barred the
state-court losers' complaint that was based on a state court
judgment and alleged injuries intertwined with the state court
judgment, i.e., the loss of their property, monetary damages,
and emotional suffering were the result of fraudulent
proceedings), *cert. denied,* 133 S.Ct. 432 (2012).

III. Conclusion.

Based upon the foregoing reasons, it is recommended that
this action be dismissed without prejudice for lack of subject
matter jurisdiction over Plaintiff's action. *Stalley v. Orlando
Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir.
2008) (holding that the district court's dismissal should be
without prejudice since the court lacked subject matter
jurisdiction over the action).[3]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on
all parties in the manner provided by law. Any party who
objects to this recommendation or anything in it must, within
fourteen (14) days of the date of service of this document, file
specific written objections with the Clerk of this Court. *See*
28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4.
The parties should note that under Eleventh Circuit precedent,
"the failure to object limits the scope of [] appellate review

---

[3] Alternate reasons for dismissing this action or claims
exist, such as, failure to state a claim upon which relief can
be granted, *Ashcroft v. Iqbal,* 566 U.S. 662, 129 S.Ct. 1937,
1948, 173 L.Ed.2d 868 (2009), failure to comply with the Court's
order, *Zocaras v. Castro,* 465 F.3d 479, 490 (11th Cir. 2006),
and suing a defendant who is entitled to absolute judicial
immunity from damages, *Simmons v. Conger,* 86 F.3d 1080, 1084-85
(11th Cir. 1996). In view of the above recommendation based on
the primary consideration of jurisdiction, the Court is
foregoing a discussion on these other grounds.

to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 31st day of March, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
